Charles William WALKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 20, 1964.

Charles W. Walker, pro se.

Robert Matthews, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Charles William Walker was convicted of armed robbery and given a life sentence. On the day of trial he discharged his court-appointed counsel and defended himself. His appeal is prosecuted pro se.

In a detailed written statement Walker admitted all of the elements of an armed robbery. At that time he had been charged with armed assault with intent to rob the Central Liquor Dispensary, KRS 433.150, and with grand larceny of an automobile. He was subsequently indicted and charged with armed robbery, KRS 433.140. This gives rise to two claimed errors.

First, he urges that the court erred in failing to instruct the jury that he could have been given a sentence of 21 years. There is no merit in this contention since he was charged with a violation of KRS 433.140, for which no penalty of 21 years is provided. He is mistakenly urging that the jury should have been instructed to give the penalty under KRS 433.150, when the evidence established a violation under KRS 433.140.

Second, the contention in this regard is that appellant confessed to a violation of KRS 433.150 instead of KRS 433.140. At the time of his confession he was being held for a violation of KRS 433.150, but in the confession he admitted all of the elements of a violation of KRS 433.140. On the evidence presented to the grand jury, he was indicted for a violation of KRS 433.140. A confession may become evidence of the facts therein stated but it has no relation to the offense charged except as proof that may or may not sustain the charge made. This contention is equally meritless.

Further claimed errors are that the indictment was not read to him and that he was indicted twice for armed robbery. No proper and timely objection was made to preserve either claimed error. It is just as well. The indictment under which appellant was convicted followed a previous indictment returned for the same charge which had been re-referred to the grand jury, and the later indictment was properly returned thereafter. An uncontradicted affidavit of the Commonwealth's attorney shows that the indictment was read in its entirety in open court to the appellant prior to the entering of his plea of not guilty.

Appellant claims that the written statement signed by him and introduced should have been held inadmissible. He argues that Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, sustains his contention. Mallory condemns unreasonable delay in taking an accused be-

fore a magistrate in order to extort a confession. The delay complained of by appellant here was long after he had confessed. There is no claim of any violation of KRS 422.110, the Anti-Sweating Act. Everything in the case indicates that the confession was freely and voluntarily given about two hours after the commission of the offense. In fact, there was ample evidence aside from the written statement. When apprehended by officers about thirty minutes after the holdup, appellant said, "I am the man you are looking for."

The trial court, pursuant to KRS 422.-110(2), determined that the confession was competent and admissible and that Mallory v. United States was not applicable. The confession was properly admitted.

Judgment affirmed.